McCABE v. CITY OF FERNDALE

1. MUNICIPAL CORPORATIONS—BUILDING AUTHORITY—RESOLUTION—
   LEGALITY.
   Creation of a municipal building authority by resolution of a
   city council for the purpose of constructing a swimming pool
   in a city park was legal because by statute, governmental sub-
   divisions are permitted to incorporate such authorities for
   specified governmental uses (MCLA § 123.951).

2. APPEAL AND ERROR—EVIDENCE—JUDICIAL NOTICE—MOOT ISSUES.
   Judicial notice is taken by the Court of Appeals that a proposi-
   tion which would have authorized a building authority of a
   city to borrow money to construct a swimming pool in a city
   park was defeated by city voters, thereby rendering moot on
   appeal question whether the building authority, whose sole
   purpose was the construction of the swimming pool, should
   have been created by ordinance instead of by resolution.

Appeal from Oakland, Robert L. Templin, J. Sub-
mitted Division 2 December 14, 1970, at Lansing.
(Docket No. 9139.) Decided January 29, 1971.

Complaint by William McCabe, Walter L. Carlson,
Nicholas Ponta, Sophie Ponta, John Ely, John Brill-
hart, Frank Marine, and the Ferndale Association
of Voters against the City of Ferndale and The
Ferndale Municipal Building Authority for an in-
junction to prevent construction of a swimming pool

REFERENCES FOR POINTS IN HEADNOTES
[1] 37 Am Jur, Municipal Corporations §§ 128, 155.
[2] 29 Am Jur 2d, Evidence § 76.

in a city park. Accelerated judgment for defendants. Plaintiffs appeal. Affirmed.

*Eli Friedman,* for plaintiffs.

*Robert J. Turner,* City Attorney, for defendant.

Before: Bronson, P. J., and R. B. Burns and Hoff,* JJ.

Per Curiam. Plaintiffs are residents of the City of Ferndale and brought suit in Oakland County Circuit Court seeking to enjoin defendants from constructing a swimming pool in a city park. Plaintiffs contended that defendant City of Ferndale, in order to construct a swimming pool, was required to pass an ordinance, which, according to its charter, would be subject to a referendum vote by the citizens of Ferndale.

The plaintiffs also sought to have the action taken by the City Council of Ferndale establishing the Ferndale Municipal Building Authority by resolution declared null and void. Defendants do not dispute the fact that the Ferndale Municipal Building Authority was established by resolution for the sole purpose of building a swimming pool in the city park.

Defendants moved for, and were granted, an accelerated judgment by the trial court.[1] Plaintiffs appeal, contending that the creation of the building authority by resolution for the purpose of constructing a swimming pool was error because the resolution, as opposed to an ordinance, is not subject to a referendum. We disagree.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The proper motion should have been one of summary judgment under GCR 1963, 117, but in view of our holding we need not address ourselves to this issue.

The action of the defendants in establishing the building authority for the purpose of constructing a public swimming pool was legal. MCLA 1970 Cum Supp § 123.951 (Stat Ann 1970 Cum Supp § 5.301 [1]). The action of the building authority in seeking to finance the operation with revenue bonds provided the plaintiffs, as well as other citizens, with an opportunity to request a referendum. MCLA 1970 Cum Supp § 141.133 (Stat Ann 1970 Cum Supp § 5.2763).

Additionally, we take judicial notice of the fact that a proposition which would have authorized the building authority to borrow $390,000 for the purpose of constructing a swimming pool was defeated by the citizens of Ferndale on August 4, 1970. The issues raised by plaintiffs on appeal have become moot.

Judgment affirmed. No costs, a public question being involved.